UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD SANTORO, | : | CIVIL ACTION NO.   3:26-cv-26 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| QUEST DIAGNOSTICS OF | : | |
| CONNECTICUT LLC INC. A/K/A | : | |
| QUEST DIAGNOSTICS INC., | : | |
| | : | |
| Defendant. | : | JANUARY 7, 2026 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant

Quest Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest

Diagnostics Inc.")[1] ("Quest" or "Defendant") hereby removes this action from the Superior Court

of Connecticut, Judicial District of Bridgeport, to the United States District Court for the District

of Connecticut. The District Court has jurisdiction on the basis of diversity of citizenship.  In

support of this Notice of Removal, Defendant states the following:

**Procedural History**

1.      On June 25, 2025, Plaintiff Richard Santoro ("Santoro" or "Plaintiff") commenced

an action against Quest and its employee, Kurt Wanyo ("Wanyo"),[2] in the Superior Court for the

Judicial District of Bridgeport, in the State of Connecticut, captioned *Santoro, Richard J v. Wayno,*

*Kurt Et Al*, Docket No. FBT-CV-25-6148381-S, returnable July 22, 2025, by the service of a

---

[1] Plaintiff's employer, and the proper defendant in this action, is Quest Diagnostics LLC.

[2] Plaintiff purportedly filed his Complaint against an individual named "Kurt Wayno." However, he presumably was referring to his supervisor, Kurt Wanyo.

Summons and Complaint (the "State Court Action"). The State Court Action asserted claims for intentional infliction of emotional distress ("IIED") against Wanyo and negligent infliction of emotional distress ("NIED") against Quest.

2.      On August 21, 2025, Quest and Wanyo filed a Motion to Strike Plaintiff's Complaint.

3.      On September 16, 2025, Plaintiff moved to amend the Complaint, asserting additional factual allegations in support of his claims (the "Revised Complaint").

4.      On October 31, 2025, Quest and Wanyo again moved to strike all claims asserted in the Revised Complaint.

5.      On December 12, 2025, Plaintiff filed a Second Revised Complaint (the "Second Revised Complaint") against Quest and withdrew the action against Wanyo. The Second Revised Complaint asserts a single claim for constructive discharge against Quest.

6.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**.

**Grounds for Removal**

7.      Pursuant to 28 U.S.C. § 1332, the District Court has jurisdiction on the basis of diversity of citizenship because the dispute is between the Plaintiff, a citizen of Connecticut, and Defendant, a citizen of Delaware and New Jersey, and the amount in controversy exceeds $75,000.

8.      Santoro is domiciled in the State of Connecticut with a residence located in Shelton, Connecticut. *See* Ex. A, Second Revised Compl. at ¶ 1.

9.      Quest is, and was at the time the State Court Action was filed, a limited liability company. The sole member of Quest is, and was at the time the State Court Action was filed, Quest Diagnostics Incorporated, which is a corporation incorporated under the laws of Delaware with a

principal place of business in New Jersey. Accordingly, Quest is a citizen of Delaware and New Jersey. *See Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company takes the citizenship of each of its members); *see also Ferrara v. Munro*, 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("the 'citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members.'").

10.     Quest, a citizen of Delaware and New Jersey is, therefore, diverse from Plaintiff, a citizen of Connecticut.

11.     The Second Revised Complaint alleges damages in excess of the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). *See* Ex. A, Second Revised Compl. at ¶ 12 (alleging that Plaintiff "has sustained damages consisting of lost income and benefits"). Plaintiff also seeks  monetary damages and "[s]uch other and further relief as the Court may deem fair, just, reasonable and equitable." *See* Ex. A. Defendant, therefore, meets its burden of establishing the amount in controversy by relying on Plaintiff's Second Revised Complaint. *See, e.g.*, *Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 397 (2d Cir. 2003); *Doctor's Assocs., Inc. v. Rahimzadeh*, No. 3:17-CV-2126, 2018 WL 1704757, at *2-3 (D. Conn. Apr. 9, 2018).

12.     Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because the action was commenced in the Judicial District of Bridgeport, which is located within the geographical boundaries of the United States District Court for the District of Connecticut.

**The Procedural Requirements for Removal Have Been Satisfied**

13.     "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

14.    Wanyo is and was a citizen of Connecticut.  Thus, complete diversity was not present until Plaintiff withdrew his claims against Wanyo on December 12, 2025 when Plaintiff filed the Second Revised Complaint.

15.    Removal, therefore, is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty (30) days after Defendant first received the Second Revised Complaint on December 12, 2025.

16.    Pursuant to 28 U.S.C. § 1446(b)(2), Defendant is the only defendant named in the Second Revised Complaint; no additional consents of other defendants are required.

17.    Defendant will contemporaneously file a Statement detailing the service and citizenship of each party, as required by this Court's Standing Order on Removed Cases.

18.    After filing this Notice of Removal, Defendant promptly will serve this Notice of Removal on counsel for all adverse parties.

19.    After filing this Notice of Removal, Defendant promptly will file a Notice to State Court of Removal to Federal Court with the Superior Court of Connecticut, Judicial District of Bridgeport. A copy of the Notice to State Court of Removal to Federal Court that Defendant intends to file is attached hereto as **Exhibit B**.

**Non-Waiver of Defenses**

20.    By removing this action from state court, Defendant does not waive any available defenses.

21.    By removing this action from state court, Defendant does not admit any of the allegations in the Second Revised Complaint.

-4-

WHEREFORE, Defendant hereby removes the litigation styled *Santoro, Richard J v. Quest Diagnostics of Connecticut LLC a/k/a Quest Diagnostics Inc.* filed in the Superior Court of Connecticut, Judicial District of Bridgeport under Docket Number FBT-CV-25-6148381-S, to the United States District Court for the District of Connecticut, and respectfully requests that this Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

DEFENDANT, QUEST DIAGNOSTICS LLC

By:    /s/ James M. Leva
   Daniel L. Schwartz (ct09862)
   Day Pitney LLP
   One Stamford Plaza
   263 Tresser Boulevard, 7th Floor
   Stamford, CT 06901
   Tel: (203) 977-7300
   Fax: (203) 977-7301
   dlschwartz@daypitney.com

   James M. Leva (ct28928)
   Day Pitney LLP
   8 Sylvan Way
   Parsippany, NJ 07054
   Tel: (973) 966-6300
   Fax: (973) 966-1015
   jleva@daypitney.com

   Lindsey A. McCarthy (ct31132)
   Day Pitney LLP
   225 Asylum Street
   Hartford, CT 06103
   Tel: (860) 275-0100
   Fax: (860) 275-0343
   lmccarthy@daypitney.com

   Its Attorneys

-5-

## CERTIFICATION OF SERVICE

I hereby certify that on this date, a copy of foregoing was filed and served electronically upon the persons listed below. Parties may access this filing through the Court's CM/ECF System.

Mark F. Katz, Esq.
Law Offices of Mark F. Katz
196 North St.
Stamford, CT 06901
*mlawkatz@gmail.com*

         */s/ Lindsey A. McCarthy*

# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
| --- |

**STATE OF CONNECTICUT**
**JUDICIAL BRANCH**
**SUPERIOR COURT**
*www.jud.ct.gov*

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
| --- | --- | --- |
| **1061 Main Street, Bridgeport, CT 06604** | ( 203 ) 579 − 6527 | **07/22/2025** |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
| --- | --- | --- | --- | --- |
| ☐ Housing Session  ☐ Number: | | **Bridgeport** | Major: **T** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
| --- | --- |
| **Mark F. Katz    196 North St.,  Stamford, CT 06901** | **030680** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
| --- | --- |
| ( 203 ) 357 − 9252 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)  ☒ Yes  ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book  **mlawkatz@gmail.com** |
| --- | --- |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
| --- | --- | --- |
| **First plaintiff** | Name: **Santoro, Richard J.** Address: **134 Heather Ridge, Shelton, CT 06484-4645** | **P-01** |
| **Additional plaintiff** | Name: Address: | **P-02** |
| **First defendant** | Name: **Wayno, Kurt** Address: **507 Harvard Ave., Stratford, CT 06614** | **D-01** |
| **Additional defendant** | Name: **Quest Diagnostics of Connecticut LLC a/k/a Quest Diagnostics Inc.** Address: **555 Lordship Blvd., First Floor, Stratford, CT 06615** | **D-02** |
| **Additional defendant** | Name: Address: | **D-03** |
| **Additional defendant** | Name: Address: | **D-04** |

| Total number of plaintiffs: **1** | Total number of defendants: **2** | ☐ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing | For Court Use Only |
| --- | --- | --- | --- | --- |
| **06/25/2025** | *(signature)* | ☐ _____ Clerk | **Mark F. Katz** | File Date |

| If this summons is signed by a Clerk: | |
| --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
| --- | --- | --- | --- |

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do *not* use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals

   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 00 | Housing - Summary Process |
| | H 03 | Housing - Deceased Tenants - Summary Process |
| | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 20 | Housing - Housing Code Enforcement |
| | H 30 | Housing - Entry and Detainer |
| | H 40 | Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 70 | Housing - Bed Bug Infestation |
| | H 87 | Housing - Denied Fee Waiver Appeal |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 85 | Civil Protection Order |
| | M 87 | Denied Fee Waiver Appeal |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 00 | Probate Appeals |
| | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

Ret. Date: 07/22/2025         :     SUPERIOR COURT AT BRIDGEPORT

SANTORO, RICHARD,

         Plaintiff        :     JD BRIDGEPORT

Vs

WAYNO, KURT,           :

QUEST DIAGNOSTICS OF

CONNECTICUT LLC INC.A/K/A QUEST

DIAGNOSTICS INC.

       Defendants       :     JUNE 25, 2025

## **COMPLAINT**

FIRST COUNT: (Intentional infliction of emotional distress by Kurt Wayno)

1. At all times relevant hereto, Plaintiff resided at 134 Heather Ridge, Shelton, CT 06484, and was employed as a courier driver by the Defendant Quest Diagnostic of Connecticut LLC a/k/a Quest Diagnostics Inc. ("Quest").

2. Plaintiff's immediate supervisor was the Defendant, Kurt Wayno ("Wayno"), who was also employed by the Defendant Quest.

3. For a period of time prior to February 24, 2025, the Defendant, Wayno, viciously harassed and abused the Plaintiff, by insulting, demeaning, ridiculing, Plaintiff's job performance and Plaintiff's personal appearance, with the clear and apparent intention of inflicting emotional distress upon the Plaintiff.

4. Plaintiff complained of Wayno's harassment and abuse to the Human Resources Department of the Defendant, Quest.

5. Quest did nothing to investigate Plaintiff's complaints about Wayno's abusive conduct.

6. Quest did nothing to alleviate Wayno's infliction of emotional distress upon the Plaintiff.

7. In consequence of the Defendants' conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created by the Defendants, and applied for a leave of absence commencing February 24, 2025.

8. In further consequence of the Defendants' conduct, as aforesaid, Plaintiff required medical and therapeutic treatment for the stress, anxiety, and emotional distress inflicted upon him by the Defendants, to Plaintiff's loss and damage.

9. In further consequence of the Defendants' conduct, as aforesaid, Plaintiff suffered and sustained severe emotional distress which made it impossible for Plaintiff to  continue his employment, under the supervision of Wayno, with Quest, to Plaintiff's loss and damage.

10. Wayno's acts and conduct as hereinbefore set forth were intentional.

SECOND COUNT: (Negligent infliction of emotional distress by Quest)

1.-9.  Paragraphs 1 through 9 of the First Count are hereby made paragraphs 1 through 9 of the Second Count as if fully repeated and recited herein.

10.    Quest's acts and conduct as hereinbefore set forth were negligent.

The Plaintiff claims:

Monetary Damages

Such other and further relief as the Court my deem fair, just, reasonable and equitable.

THE PLAINTIFF

By_____

Mark F. Katz, his attorney, JN 030680
196 North St., Stamford, CT 06901
Tel 203 357 9252  Fax 203 358 8127
Email: mlawkatz@gmail.com

Ret. Date: 07/22/2025           :      SUPERIOR COURT AT BRIDGEPORT

SANTORO, RICHARD,

          Plaintiff              :      JD BRIDGEPORT

Vs

WAYNO, KURT,

QUEST DIAGNOSTICS OF

CONNECTICUT LLC a/k/a QUEST

DIAGNOSTICS INC.,

          Defendants          :      JUNE 25, 2025

## STATEMENT OF AMOUNT IN DEMAND OR OTHER RELIEF SOUGHT

Plaintiff seeks monetary damages in excess of $15,000.00 exclusive of interest, costs and attorney's fees.

THE PLAINTIFF

By_____

Mark F. Katz, his attorney, JN 030680
196 North St., Stamford, CT 06901
Tel 203 357 9252  Fax 203 358 8127
Email: mlawkatz@gmail.com

**APPEARANCE**
JD-CL-12  Rev. 2-25
P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| Return date *(For Civil/Family cases)* |
| --- |
| **Jul-22-2025** |
| Docket Number |
| **FBT-CV-25-6148381-S** |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**SANTORO, RICHARD J  v. WAYNO, KURT Et Al**

| Housing Session | Judicial District ☒ | Geographic Area | Address of court *(Number, street, town and zip code)* **1061 MAIN STREET BRIDGEPORT, CT 06604** | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
| --- | --- | --- | --- | --- |

## Enter the Appearance of

| Name *(Your name or name of official, firm, professional corporation, or individual attorney)* **DAY PITNEY LLP** | Juris number *(For attorney/law firm)* **014230** |
| --- | --- |
| Mailing address **ONE STAMFORD PLAZA 263 TRESSER BOULEVARD** | Post Office box number | Telephone number *(Area code first)* **9739668416** |

| City/town **STAMFORD** | State **CT** | Zip code **06901** | Fax number | E-mail address **jleva@daypitney.com** |
| --- | --- | --- | --- | --- |

in the case named above for: *(Select one of the following parties)*

| **PLAINTIFF** | **DEFENDANT** |
| --- | --- |
| ☐ The Plaintiff. | ☐ The Defendant. |
| ☐ All Plaintiffs. | ☒ All Defendants. |
| ☐ The following Plaintiff(s) only: | ☐ The following Defendant(s) only: |

☐ **Other** *(Specify):* _____

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
　　☐ matters in the Family Division of the Superior Court　　☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender **or** ☐ Assigned Counsel
☐ This appearance is for the purpose of a bail hearing only.　　　　　　　　　　　　　　　　*(Special Public Defender)*
☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
　　　　　　　　　　　　　　　　　　　　　　　　*Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

I agree that documents can be delivered (served) to me electronically in this case. ☒ Yes  ☐ No
*Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)*

| Signed *(Individual attorney or self-represented party)* **432895** | Name of person signing at left *(Print or type)* **JAMES MICHAEL LEVA** | Date signed **Jul 22 2025** |
| --- | --- | --- |

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* ____Jul 22 2025____ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

Name and address of each party and attorney that copy was or will be mailed or delivered to*

**MARK KATZ - 196 NORTH STREET/STAMFORD, CT 06901**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* **432895** | Print or type name of person signing **JAMES MICHAEL LEVA** | Date signed **Jul 22 2025** |
| --- | --- | --- |

**Continuation of JDCL12 Appearance Form for FBT-CV-25-6148381-S**

**Submitted By DAY PITNEY LLP (014230)**

**Additional Party(ies) (Continued from JDCL12)**

**For these party(ies)**

Pty# D-01 KURT WAYNO

Pty# D-02 QUEST DIAGNOSTICS OF CONNECTICUT LLC A/K/A QUEST DIAGNOCT

**\*\*\*\*\* End of Party List \*\*\*\*\***

STATE OF CONNETICUT   )
                      )   SS:   STAMFORD   **JUNE 26, 2025**
COUNTY OF FAIRFIELD   )

THEN AND THERE, BY VIRTUE HEREOF, I MADE SERVICE OF THE WITHIN
AND FOREGOING ORIGINAL WRIT, SUMMONS, COMPLAINT, STATEMENT
OF AMOUNT IN DEMAND AND OTHER RELIEF SOUGHT BY LEAVING A
TRUE AND ATTESTED COPY OF THE ORIGINAL WRIT, SUMMONS,
COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND OTHER RELIEF
SOUGHT WITH AND IN THE HANDS OF;

**KURT WAYNO**
**507 HARVARD AVENUE**
**STRATFORD, CT 06614**

THE WITHIN AND FOREGOING IS THE ORIGINAL WRIT, SUMMONS,
COMPLAINT, STATEMENT OF AMOUNT IN DEMAND AND OTHER RELIEF
SOUGHT, WITH MY DOINGS HEREON ENDORSED.

SERVICE FEES:                                    ATTEST:
Service              50.00
Add'l Service
Travel               40.00
Pages                 6.00
Endorsements          2.00
Postage                                     **JOHN CORELLI**
                                            **STATE MARSHAL**
                                            **FAIRFIELD COUNTY**

TOTAL          $     **98.00**

STATE OF CONNECTICUT}
                          } SS:   HARTFORD,          JUNE 25, 2025
COUNTY OF HARTFORD  }

Then and by virtue hereof, on the 25th day of June, 2025, I made due and legal service on the within named Defendant, **QUEST DIAGNOSTICS OF CONNECTICUT LLC A/K/A QUEST DIAGNOSTICS, INC,** I left a verified true and attested copy of the within original **Summons, Complaint, and Statement of Amount in Demand or Other Relief Sought,** with and in the hands of Shelly Kurpaska, duly authorized to accept for Corporation Service Company, Agent For Service for said Defendant, at 225 Asylum Street, 20th Floor , in the City of Hartford.

The within is the original, **Summons, Complaint, and Statement of Amount in Demand or Other Relief Sought,** with my doings hereon endorsed.

FEES:                                          ATTEST:

Pages          $ 6.00
Endorsements    2.00                    ALEX J. RODRIGUEZ
Service        50.00                     STATE MARSHAL
Travel          2.00                     HARTFORD COUNTY

Total          $ 60.00

DOCKET NO. FBT-CV-25-6148381-S      :    SUPERIOR COURT

                                    :

RICHARD SANTORO,                 :    JUDICIAL DISTRICT OF BRIDGEPORT

                                      :

             Plaintiff,         :

v.                                     :

                                      :

KURT WAYNO and QUEST DIAGNOSTICS OF    :

CONNECTICUT LLC A/K/A QUEST          :

DIAGNOSTICS INC.,                :

                                      :

            Defendants.       :    AUGUST 21, 2025

## <u>MOTION TO STRIKE</u>

Pursuant to Connecticut Practice Book Section 10-39, Defendants Kurt Wanyo[1] and Quest

Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest

Diagnostics Inc.") move to strike all claims asserted in Plaintiff Richard Santoro's Complaint. A

memorandum of law is submitted herewith.

                         DEFENDANTS KURT WANYO AND
                         QUEST DIAGNOSTICS LLC

                   By:      /s/ James M. Leva
                         Daniel L. Schwartz
                         James M. Leva
                         Lindsey A. McCarthy
                         Day Pitney LLP
                         One Stamford Plaza, 7th Floor
                         263 Tresser Boulevard
                         Stamford, CT 06901
                         T: (203) 977-7300
                         F: (203) 399-5899
                         dlschwartz@daypitney.com
                         jleva@daypitney.com
                         lmccarthy@daypitney.com
                         Juris No. 014230

---

[1] Plaintiff purportedly filed his Complaint against an individual named "Kurt Wayno." However, he presumably is referring to his supervisor, Kurt Wanyo.

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

## <u>CERTIFICATION</u>

I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on August 21, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Mark F. Katz
196 North Street
Stamford, CT 06901
*mlawkatz@gmail.com*

_____/s/ James M. Leva_____

DOCKET NO. FBT-CV-25-6148381-S      :   SUPERIOR COURT

                                       :

RICHARD SANTORO,              :   JUDICIAL DISTRICT OF BRIDGEPORT

                                       :

             Plaintiff,        :

v.                                    :

                                       :

KURT WAYNO and QUEST DIAGNOSTICS OF  :

CONNECTICUT LLC A/K/A QUEST      :

DIAGNOSTICS INC.,           :

                                       :

            Defendants.    :   AUGUST 21, 2025

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO STRIKE

Defendants Kurt Wanyo[1] and Quest Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest Diagnostics Inc.") ("Quest") respectfully submit this memorandum of law in support of its motion to strike all claims asserted in Plaintiff Richard Santoro's Complaint.

## I.    PRELIMINARY STATEMENT

Santoro is a current Quest employee. In his Complaint, Santoro brings a claim against his supervisor, Mr. Wanyo, for intentional infliction of emotional distress ("IIED") based on Mr. Wanyo allegedly insulting Plaintiff's work performance and personal appearance and a separate claim against Quest for negligent infliction of emotional distress ("NIED") for allegedly failing to investigate or alleviate Plaintiff's alleged complaints about Mr. Wanyo's conduct.

Both claims fail as a matter of law. Santoro's IIED claim fails as a matter of law because the conduct alleged, even if taken as true, does not rise to the level of extreme and outrageous

---

[1] Plaintiff purportedly filed his Complaint against an individual named "Kurt Wayno." However, he presumably is referring to his supervisor, Kurt Wanyo. Mr. Wanyo is referred to by his correct name herein.

conduct. Indeed, Connecticut courts consistently dismiss IIED claims based on insults, criticism, and alleged workplace harassment that fall within the normal vicissitudes of employment.

Plaintiff's NIED claim fails because under controlling Connecticut Supreme Court precedent, to sustain an NIED claim in the employment context, the underlying conduct must occur in the termination process. Because Plaintiff remains employed by Quest, and the conduct alleged occurred during an ongoing employment relationship, his claim must be dismissed.

For these reasons, as discussed more fully below, Santoro's Complaint should be stricken in its entirety.

## II.    **BACKGROUND**[2]

Quest currently employs Plaintiff as a Driver/Courier in Stratford, Connecticut. Compl. ¶ 1. Plaintiff's supervisor is Wanyo. *Id.* ¶ 2. Plaintiff alleges that Wanyo "viciously harassed and abused" him "by insulting, demeaning, ridiculing" his job performance and personal appearance. *Id.* ¶ 3. He claims that he complained to Quest's Human Resources Department and that Quest failed to investigate. *Id.* ¶¶ 4-5.

Plaintiff also alleges that on February 24, 2025, he started a leave of absence due to alleged emotional distress. *Id.* ¶ 7. Plaintiff states that he "suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of [Wanyo]." *Id.* ¶ 9.

## III.    **ARGUMENT**

### A.  Standard of Review

"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." *Fort Trumbull Conservancy,*

---

[2] Defendants assume the factual allegations of Plaintiff's Complaint to be true only for purposes of this Motion to Strike.

*LLC v. Alves*, 262 Conn. 480, 498 (2003). "A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint . . . , or of any one or more counts thereof, to state a claim upon which relief can be granted." Connecticut Practice Book § 10-39(a). "[I]t is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . . The role of the trial court in ruling on a motion to strike is to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." *Coe v. Bd. of Educ.*, 301 Conn. 112, 116-17 (2011).

"A motion to strike admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." *Faulkner v. United Techs. Corp.*, 240 Conn. 576, 588 (1997) (quotation marks and citation omitted). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Metcoff v. Lebovics*, 123 Conn. App. 512, 516 (2010) (quotation marks and citation omitted).

### B.  Plaintiff Cannot State a Claim for IIED.

To state a claim for IIED, Plaintiff must allege: "(1) that [Wanyo] intended to inflict emotional distress or that [he] knew or should have known that emotional distress was the likely result of [his] conduct; (2) that the conduct was extreme and outrageous; (3) that [Wanyo's] conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Davis v. Davis*, 112 Conn. App. 56, 65 (2009).  As the Connecticut Supreme Court has held:

> Liability for intentional infliction of emotional distress requires **conduct that exceeds all bounds usually tolerated by decent society**.... **Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as**

*atrocious, and utterly intolerable in a civilized community*. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, '*Outrageous!*'

*Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210-11 (2000) (emphasis added).

"Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." *Id.* at 210.

### i. Plaintiff Does Not Allege Extreme and Outrageous Conduct.

Here, Plaintiff has not alleged any conduct that could be described as extreme or outrageous. He alleges that his supervisor, Wanyo, "viciously harassed and abused the Plaintiff, by insulting, demeaning, ridiculing, Plaintiff's job performance and Plaintiff's personal appearance." Compl. ¶ 3. Even if accepted as true, these allegations describe the type of workplace conflicts and slights that Connecticut courts consistently hold do not rise to the level of "extreme and outrageous" conduct.

"Generally, personnel actions or workplace conduct that falls within the reasonably expected vicissitudes of employment, including insults, verbal taunts, threats, indignities, annoyances, petty oppressions or conduct that displays bad manners or results in hurt feelings, even if unlawful, are usually not deemed extreme and outrageous conduct. *Craig v. Yale Univ. Sch. of Med.*, 838 F. Supp. 2d 4, 10 (D. Conn. 2011) (internal citations omitted). Similarly, "[c]laims by employees that the actions of their supervisors and employers are wrong, demeaning, insensitive and even insulting are not new. Connecticut has been careful to note that not every instance of 'hurt feelings' qualifies for this tort. The tort is rightly reserved for only those claims which pass 'all possible bounds of decency [as to be] utterly intolerable in a civilized community.'" *Benedict v. Cheese Cake Factory*, 2016 WL 2890439, at *4 (Conn. Super. Ct. Apr. 21, 2016) (quoting *Appleton*, 254 Conn. at 211).

Connecticut courts regularly strike IIED claims where, as here, the conduct alleged was not sufficiently extreme and outrageous. *See*, *e.g.*, *Bator v. Yale-New Haven Hosp.*, 73 Conn. App. 576, 577-79 (2002) (affirming the granting of a motion to strike where plaintiff alleged he was required to report to duty when he was under a physician's care, was recommended for discipline when he failed to report, and was falsely accused of serious misconduct); *Carnemolla v. Walsh*, 75 Conn. App. 319, 332 (2003) (finding that defendant's conduct did not constitute extreme and outrageous conduct where plaintiff was accused of embezzling company funds and requested that she resign). Plaintiff's allegations—insults about his performance and appearance—fall well short of this threshold.

For example, in *Dollard v. Board of Education of Town of Orange*, the plaintiff alleged that her supervisors engaged in a concerted plan to force her to resign by placing her under intensive supervision, hypercritically examining every detail of her conduct, transferring her to a school where she did not want to be assigned, secretly hiring her replacement, and publicly admonishing her for chewing gum, being late, being disorganized, and not using her time well. 63 Conn. App. 550, 552-53 (2001). Despite these allegations—which were far more severe than the Plaintiff's allegations here—the Appellate Court affirmed the trial court's decision striking the IIED claim, concluding that "while the conduct may have been distressful and hurtful to the plaintiff," it was not extreme and outrageous as a matter of law. *Id.* Plaintiff's allegations here do not even rise to the level of the allegations in *Dollard*, and as such, must similarly be stricken.

### ii. Plaintiff Has Not Sufficiently Alleged Severe Emotional Distress.

Even if the conduct alleged was sufficient to be deemed to be extreme and outrageous (which it is not), Plaintiff "has not alleged that he suffered emotional distress that reached a level that no reasonable person could endure," which is necessary for him to sustain his claim against

Wanyo. *Meade v. Orthopedic Assocs. of Windham Cnty.*, 2007 WL 4755001, at *8 (Conn. Super. Ct. Dec. 27, 2007). His claim must be stricken for this additional reason.

Moreover, Plaintiff's complaint is strikingly devoid of any allegations of the "emotional distress" he allegedly suffered, let alone facts that would support a finding of severe emotional distress. His bare assertion that he suffered "severe emotional distress" (Compl., First Count ¶ 9) is a conclusory statement, which is insufficient to state a claim for intentional infliction of emotional distress. *Id.* (striking intentional infliction of emotional distress claim, where the plaintiff alleged that he suffered "severe" emotional distress, but did not allege any facts that would support that conclusory assertion); *Hart v. Mill Plain Autobody*, 1999 WL 1212229, at *5 (Conn. Super. Ct. Dec. 3, 1999) ("Merely stating that the alleged emotional distress is severe is an unsupported legal conclusion and it is subject to a motion to strike."); *Faulkner*, 240 Conn. at 588 ("A motion to strike admits all facts well pleaded; it does not admit legal conclusions."); *Fort Trumbull Conservancy, LLC*, 262 Conn. at 498 ("A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."). Plaintiff's conclusory assertion that he suffered emotional distress is, quite simply, insufficient as a matter of law to sustain his claim. The Court should, therefore, strike Plaintiff's IIED claim.

In sum, because Plaintiff has failed to plead conduct sufficient to satisfy the requisite "extreme and outrageous" threshold, and has not alleged facts establishing severe emotional distress, his IIED claim in the First Count is legally insufficient and should be stricken.

### C. Plaintiff's NIED Claim Fails As a Matter of Law Because It Arises Out of Conduct Occurring Within an Ongoing Employment Relationship.

Plaintiff's NIED claim against Quest in the Second Count fails as a matter of law for the fundamental reason that, even assuming the truth of Plaintiff's allegations, none of the conduct occurred in the termination process. Connecticut law is clear: a claim for negligent infliction of

emotional distress in the employment context "arises only where it is based upon unreasonable conduct of the defendant **_in the termination process_**." *Parsons v. United Techs. Corp.*, 243 Conn. 66, 88 (1997) (emphasis added) (citations and internal quotation marks omitted).

The Connecticut Supreme Court has expressly held that a person "may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." *Perodeau v. City of Hartford*, 259 Conn. 729, 762-63 (2002) ("[A] pervasive chilling effect outweighs the safety interest of employees in being protected from negligent infliction of emotional distress."). The Appellate Court has extended *Perodeau* to apply to employers as well as individual employees. *O'Connor v. Bd. of Educ.*, 90 Conn. App. 59, 69–70 (2005) ("The policy rationale of *Perodeau* focuses on the importance of preserving stability in the workplace and not on the identity or status of the defendant.").

Here, Plaintiff was not terminated; he remains employed by Quest. As such, none of the conduct alleged in the Complaint could have possibly occurred during the termination process. Rather, all of his allegations concern conduct that allegedly occurred in the context of an ongoing employment relationship. Consequently, his NIED claim fails as a matter of law. *See*, *e.g., Yang v. Reg'l Network of Programs*, No. FBT-CV-206099838-S, 2023 WL 4882637, at *2 (Conn. Super. Ct. July 26, 2023) ("In Connecticut, there is no such cause of action outside of the termination of employment context."); *Abate v. Cir.-Wise, Inc.*, 130 F. Supp. 2d 341, 347 (D. Conn. 2001) ("[B]ecause plaintiff was never terminated, we hold, as a matter of law, that he cannot maintain a claim for negligent infliction of emotional distress.").

Accordingly, because Plaintiff's NIED claim against Quest arises from alleged conduct in a continuing employment relationship, it is legally insufficient and the Court should strike it.

## IV.    <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff

Richard Santoro's Complaint in its entirety.

DEFENDANTS KURT WANYO AND
QUEST DIAGNOSTICS LLC

By:    <u>/s/ James M. Leva</u>
        Daniel L. Schwartz
        James M. Leva
        Lindsey A. McCarthy
        Day Pitney LLP
        One Stamford Plaza, 7th Floor
        263 Tresser Boulevard
        Stamford, CT 06901
        T: (203) 977-7300
        F: (203) 399-5899
        dlschwartz@daypitney.com
        jleva@daypitney.com
        lmccarthy@daypitney.com
        Juris No. 014230

## **CERTIFICATION**

I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on August 21, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Mark F. Katz
196 North Street
Stamford, CT 06901
*mlawkatz@gmail.com*

_____/s/ James M. Leva_____

D.N.: FBT CV25-6148381-S            :        SUPERIOR COURT

SANTORO, RICHARD,

        Plaintiff            :        J.D. BRIDGEPORT

Vs

WAYNO, KURT                    :        AT BRIDGEPORT
QUEST DIAGNOSTICS OF
CONNECTICUT LLC INC.A/K/A QUEST
DIAGNOSTICS INC.
        Defendants            :        SEPTEMBER 16, 2025


**REQUEST FOR LEAVE TO AMEND COMPLAINT (P.B. SEC. 10-60)**

    Pursuant to Practice Book sec. 10-60(3), Plaintiff requests the leave of the Court to file

the Revised Complaint attached hereto in conformity with said section. It is the Plaintiff's intent,

by filing an amended complaint to address the issues raised in Defendants' Motion to Strike now

pending.

                  THE PLAINTIFF


                By:_____/030680/_____
                    Mark F. Katz, his attorney, JN 030680
                    196 North St., Stamford, CT 06901
                    Tel 203 357 9252  Fax 203 358 8127
                    Email: mlawkatz@gmail.com

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing pleading was served upon the parties in accordance

with the Rules of Practice on September 16, 2025 by email as follows:

James Michael Leva, Esq.

jleva@daypitney.com

      /030680/      
Mark F. Katz, attorney

D. N. FBT CV25-6148381-S                    :        SUPERIOR COURT AT

BRIDGEPORT

SANTORO, RICHARD,

              Plaintiff                    :        JD BRIDGEPORT

Vs

WANYO, KURT,                               :

QUEST DIAGNOSTICS OF

CONNECTICUT LLC INC.A/K/A QUEST

DIAGNOSTICS INC.

              Defendants                   :        SEPTEMBER 16, 2025

<u>**REVISED COMPLAINT**</u>

**FIRST COUNT: (Intentional infliction of emotional distress by Kurt Wanyo)**

1. At all times relevant hereto, Plaintiff resided at 134 Heather Ridge, Shelton, CT
   06484, and was employed as a courier driver by the Defendant Quest Diagnostic
   of Connecticut LLC a/k/a Quest Diagnostics Inc. ("Quest").

2. Plaintiff's immediate supervisor was the Defendant, Kurt Wanyo ("Wanyo"), who
   was also employed by the Defendant Quest.

3. For a period of time prior to February 24, 2025, the Defendant, Wanyo, viciously
   harassed and abused the Plaintiff, by insulting, demeaning, ridiculing, Plaintiff's
   job performance and Plaintiff's personal appearance, with the clear and apparent
   intention of inflicting emotional distress upon the Plaintiff.

1

4.  In February, 2025, Wanyo threatened to injure Plaintiff physically by stating, "I will drop you like a sack of potatoes."

5.  Plaintiff complained of Wanyo's harassment and abuse and his threat to drop Plaintiff like a sack of potatoes, to the Human Resources Department of the Defendant, Quest.

6.  Quest did nothing to investigate Plaintiff's complaints about Wanyo's abusive and threatening conduct.

7.  Quest did nothing to alleviate Wanyo's infliction of emotional distress upon the Plaintiff.

8.  In consequence of the Defendants' conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created by the Defendants, and applied for a leave of absence commencing February 24, 2025.

9.  In further consequence of the Defendants' conduct, as aforesaid, Plaintiff required medical and therapeutic treatment for the stress, anxiety and emotional distress inflicted upon him by the Defendants, to Plaintiff's loss and damage.

10. In further consequence of the Defendants' conduct, as aforesaid, Plaintiff suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of Wanyo, with Quest to Plaintiff's loss and damage.

11. Wanyo's acts and conduct as hereinbefore set forth were intentional.

**SECOND COUNT: (Negligent infliction of emotional distress by Quest)**

1.-9.    Paragraphs 1 through 9 of the First Count are hereby made paragraphs 1 through 9 of the Second Count as if fully repeated and recited herein.

10.    Quest's failure and refusal to investigate, intervene in, and alleviate Plaintiff's complaints about Wanyo caused Plaintiff to take a leave of absence in the belief that by taking a leave of absence Quest would act upon Plaintiff's said complaints.

11. Quest failed to take any action concerning Plaintiff's said complaints and Plaintiff has terminated his employment with Quest.

12. Plaintiff's said termination of his employment was caused by Quest's negligent infliction of emotional distress upon the Plaintiff by allowing the hostile work place environment created by Wanyo to continue, causing the injuries and damages sustained by the plaintiff as hereinbefore set forth.

13. Quest's acts and conduct as hereinbefore set forth were negligent.

The Plaintiff claims:

1.  Monetary Damages

2.  Such other and further relief as the Court may deem fair, just, reasonable and equitable.

THE PLAINTIFF

By_____/030680/_____
    Mark F. Katz, his attorney, JN 030680
    196 North St., Stamford, CT 06901
    Tel 203 357 9252  Fax 203 358 8127
    Email: mlawkatz@gmail.com

3

D. N. FBT CV25-6148381-S              :        SUPERIOR COURT

SANTORO, RICHARD,

              Plaintiff              :        JD BRIDGEPORT

Vs

WANYO, KURT,                         :        AT BRIDGEPORT

QUEST DIAGNOSTICS OF

CONNECTICUT LLC a/k/a QUEST

DIAGNOSTICS INC.,

              Defendants            :        SEPTEMBER 16, 2025

## STATEMENT OF AMOUNT IN DEMAND OR OTHER RELIEF SOUGHT

Plaintiff seeks monetary damages in excess of $15,000.00 exclusive of interest,

costs and attorney's fees.

                                    THE PLAINTIFF


                                    By  /030680/
                                    _____
                                    Mark F. Katz, his attorney, JN 030680
                                    196 North St., Stamford, CT 06901
                                    Tel 203 357 9252  Fax 203 358 8127
                                    Email: mlawkatz@gmail.com

~~Ret. Date: 07/22/2025~~ D. N. FBT CV25-6148381-S            :        SUPERIOR

COURT AT BRIDGEPORT

SANTORO, RICHARD,

        Plaintiff                    :        JD BRIDGEPORT

Vs

~~WAYNO~~WANYO, KURT,                            :

QUEST DIAGNOSTICS OF

CONNECTICUT LLC INC.A/K/A QUEST

DIAGNOSTICS INC.

        Defendants                  :        ~~JUNE 25, 2025~~SEPTEMBER 16, 2025

**REVISED** **COMPLAINT**

**FIRST COUNT: (Intentional infliction of emotional distress by Kurt ~~Wayne~~Wanyo)**

1. At all times relevant hereto, Plaintiff resided at 134 Heather Ridge, Shelton, CT

    06484, and was employed as a courier driver by the Defendant Quest Diagnostic

    of Connecticut LLC a/k/a Quest Diagnostics Inc. ("Quest").

2. Plaintiff's immediate supervisor was the Defendant, Kurt ~~Wayne~~Wanyo

    ("~~Wayne~~Wanyo"), who was also employed by the Defendant Quest.

3. For a period of time prior to February 24, 2025, the Defendant, ~~Wayne~~Wanyo,

    viciously harassed and abused the Plaintiff, by insulting, demeaning, ridiculing,

    Plaintiff's job performance and Plaintiff's personal appearance, with the clear and

    apparent intention of inflicting emotional distress upon the Plaintiff.

1

4. ~~Plaintiff complained of Wayne~~Wanyo's harassment and abuse to the Human Resources Department of the Defendant, Quest. In February, 2025, Wanyo threatened to injure Plaintiff physically by stating, "I will drop you like a sack of potatoes."

5. ~~Quest did nothing to investigate Plaintiff's complaints about Wayne~~Wanyo's abusive conduct. Plaintiff complained of Wanyo's harassment and abuse and his threat to drop Plaintiff like a sack of potatoes, to the Human Resources Department of the Defendant, Quest.

6. ~~Quest did nothing to alleviate Wayne~~Wanyo's infliction of emotional distress upon the Plaintiff. Quest did nothing to investigate Plaintiff's complaints about Wanyo's abusive and threatening conduct.

7. ~~In consequence of the Defendants' conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created by the Defendants, and applied for a leave of absence commencing February 24, 2025.~~ Quest did nothing to alleviate Wanyo's infliction of emotional distress upon the Plaintiff.

8. ~~In further consequence of the Defendants' conduct, as aforesaid, Plaintiff required medical and therapeutic treatment for the stress, anxiety, and emotional distress inflicted upon him by the Defendants, to Plaintiff's loss and damage.~~ In consequence of the Defendants' conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created by the Defendants, and applied for a leave of absence commencing February 24, 2025.

2

9. ~~In further consequence of the Defendants' conduct, as aforesaid, Plaintiff suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of Wayno~~Wanyo~~, with Quest, to Plaintiff's loss and damage.~~ In further consequence of the Defendants' conduct, as aforesaid, Plaintiff required medical and therapeutic treatment for the stress, anxiety and emotional distress inflicted upon him by the Defendants, to Plaintiff's loss and damage.

10. ~~Wayno~~Wanyo~~'s acts and conduct as hereinbefore set forth were intentional.~~ In further consequence of the Defendants' conduct, as aforesaid, Plaintiff suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of Wanyo, with Quest to Plaintiff's loss and damage.

11. Wanyo's acts and conduct as hereinbefore set forth were intentional.

**SECOND COUNT: (Negligent infliction of emotional distress by Quest)**

1.-9.    Paragraphs 1 through 9 of the First Count are hereby made paragraphs 1 through 9 of the Second Count as if fully repeated and recited herein.

10.    ~~Quest's acts and conduct as hereinbefore set forth were negligent.~~ Quest's failure and refusal to investigate, intervene in, and alleviate Plaintiff's complaints about Wanyo caused Plaintiff to take a leave of absence in the belief that by taking a leave of absence Quest would act upon Plaintiff's said complaints.

3

11. Quest failed to take any action concerning Plaintiff's said complaints and Plaintiff has terminated his employment with Quest.

12. Plaintiff's said termination of his employment was caused by Quest's negligent infliction of emotional distress upon the Plaintiff by allowing the hostile work place environment created by Wanyo to continue, causing the injuries and damages sustained by the plaintiff as hereinbefore set forth.

13. Quest's acts and conduct as hereinbefore set forth were negligent.

The Plaintiff claims:

1. Monetary Damages

2. Such other and further relief as the Court may deem fair, just, reasonable and equitable.

THE PLAINTIFF

By_____
        Mark F. Katz, his attorney, JN 030680
        196 North St., Stamford, CT 06901
        Tel 203 357 9252  Fax 203 358 8127
        Email: mlawkatz@gmail.com

4

D. N. FBT CV25-6148381-S                    :        SUPERIOR COURT AT

BRIDGEPORT

SANTORO, RICHARD,

        Plaintiff                    :        JD BRIDGEPORT

Vs

WAYNOWANYO, KURT,

QUEST DIAGNOSTICS OF

CONNECTICUT LLC a/k/a QUEST

DIAGNOSTICS INC.,

        Defendants            :        JUNE 25, 2025SEPTEMBER 16, 2025

**STATEMENT OF AMOUNT IN DEMAND OR OTHER RELIEF SOUGHT**

    Plaintiff seeks monetary damages in excess of $15,000.00 exclusive of interest,

costs and attorney's fees.

                THE PLAINTIFF


By_____
Mark F. Katz, his attorney, JN 030680
196 North St., Stamford, CT 06901
Tel 203 357 9252  Fax 203 358 8127
Email: mlawkatz@gmail.com

DOCKET NO. FBT-CV-25-6148381-S     :    SUPERIOR COURT

                                   :

RICHARD SANTORO,                  :    JUDICIAL DISTRICT OF BRIDGEPORT

                                     :

            Plaintiff,           :

v.                                      :

                                     :

KURT WAYNO and QUEST DIAGNOSTICS OF    :

CONNECTICUT LLC A/K/A QUEST         :

DIAGNOSTICS INC.,                :

                                     :

           Defendants.        :    SEPTEMBER 30, 2025

## <u>MOTION ON CONSENT FOR EXTENSION OF TIME TO PLEAD</u>

Pursuant to Connecticut Practice Book §§ 10-8 and 10-61, Defendants Kurt Wanyo and

Quest Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest

Diagnostics Inc.") hereby request an extension of time until October 31, 2025, to file a responsive

pleading to the Revised Complaint filed by Plaintiff Richard Santoro in the above-captioned action

on September 16, 2025 (Dkt. #104.00). Defendants do not intend to object to Plaintiff's Request

for Leave to Amend Complaint.

Counsel for Plaintiff consents to the granting of this motion.  This is Defendants' first

motion for an extension of time to file a responsive pleading to the Revised Complaint.

WHEREFORE, Defendants respectfully requests an extension of time through October 31,

2025, to file a responsive pleading to the Revised Complaint.

DEFENDANTS KURT WANYO AND
QUEST DIAGNOSTICS LLC

By:      /s/ James M. Leva
         Daniel L. Schwartz
         James M. Leva
         Lindsey A. McCarthy
         Day Pitney LLP
         One Stamford Plaza, 7th Floor
         263 Tresser Boulevard
         Stamford, CT 06901
         T: (203) 977-7300
         F: (203) 399-5899
         dlschwartz@daypitney.com
         jleva@daypitney.com
         lmccarthy@daypitney.com
         Juris No. 014230

## <u>CERTIFICATION</u>

I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on September 30, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Mark F. Katz
196 North Street
Stamford, CT 06901
*mlawkatz@gmail.com*


    /s/ James M. Leva

ORDER    444517

DOCKET NO: FBTCV256148381S

SANTORO, RICHARD J
   V.
WAYNO, KURT Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF BRIDGEPORT
   AT BRIDGEPORT

10/14/2025

## ORDER

ORDER REGARDING:
09/30/2025 105.00 MOTION FOR EXTENSION OF TIME TO PLEAD

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Superior Court Results Automated Mailing (SCRAM) Notice was sent on the underlying motion.

444517

Judge: JASON CHARLES WELCH
Processed by: Erica Blue

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

| DOCKET NO. FBT-CV-25-6148381-S | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| RICHARD SANTORO, | : | JUDICIAL DISTRICT OF BRIDGEPORT |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| KURT WANYO and QUEST DIAGNOSTICS OF | : | |
| CONNECTICUT LLC A/K/A QUEST | : | |
| DIAGNOSTICS INC., | : | |
| | : | |
| Defendants. | : | OCTOBER 31, 2025 |

### MOTION TO STRIKE PLAINTIFF'S REVISED COMPLAINT

Pursuant to Connecticut Practice Book Section 10-39, Defendants Kurt Wanyo and Quest

Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest

Diagnostics Inc.") move to strike all claims asserted in Plaintiff Richard Santoro's Revised

Complaint. A memorandum of law is submitted herewith.

DEFENDANTS KURT WANYO AND
QUEST DIAGNOSTICS LLC

By:  ___/s/ James M. Leva___
Daniel L. Schwartz
James M. Leva
Lindsey A. McCarthy
Day Pitney LLP
One Stamford Plaza, 7th Floor
263 Tresser Boulevard
Stamford, CT 06901
T: (203) 977-7300
F: (203) 399-5899
dlschwartz@daypitney.com
jleva@daypitney.com
lmccarthy@daypitney.com
Juris No. 014230

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

## <u>CERTIFICATION</u>

I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on October 31, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

Mark F. Katz
196 North Street
Stamford, CT 06901
*mlawkatz@gmail.com*

_/s/ James M. Leva_

ORDER    444517

DOCKET NO: FBTCV256148381S                  SUPERIOR COURT

SANTORO, RICHARD J                          JUDICIAL DISTRICT OF BRIDGEPORT
        V.                                      AT BRIDGEPORT
WAYNO, KURT Et Al
                                            12/31/2025


<u>ORDER</u>


ORDER REGARDING:
10/31/2025 106.00 MOTION TO STRIKE

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

There being no objection to the plaintiff's request for leave to amend the complaint, the second revised complaint is the operative complaint, and the motion to strike is denied.

Judicial Notice (JDNO) was sent regarding this order.

                        444517
                        _____
                        Judge: JASON CHARLES WELCH
                        Processed by: Erica Blue

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO. FBT-CV-25-6148381-S    :    SUPERIOR COURT

        :

RICHARD SANTORO,         :    JUDICIAL DISTRICT OF BRIDGEPORT

        :

        Plaintiff,         :

v.         :

        :

KURT WANYO and QUEST DIAGNOSTICS OF   :

CONNECTICUT LLC A/K/A QUEST         :

DIAGNOSTICS INC.,         :

        :

        Defendants.      :    OCTOBER 31, 2025

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFF'S REVISED COMPLAINT

Defendants Kurt Wanyo and Quest Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest Diagnostics Inc.") ("Quest") respectfully submit this memorandum of law in support of its motion to strike all claims asserted in Plaintiff Richard Santoro's Revised Complaint. Dkt. No. 104.

## I.    PRELIMINARY STATEMENT

Santoro remains a Quest employee on an approved leave of absence. In his Revised Complaint, Santoro again brings a claim against his supervisor, Mr. Wanyo, for intentional infliction of emotional distress ("IIED") based on Mr. Wanyo allegedly insulting Plaintiff's work performance and personal appearance and now adds a single statement that Wanyo would "drop [Plaintiff] like a sack of potatoes." Santoro also brings a separate claim against Quest for negligent infliction of emotional distress ("NIED") for allegedly failing to investigate or alleviate Plaintiff's alleged complaints about Mr. Wanyo's conduct.

Both claims fail as a matter of law. Santoro's IIED claim fails as a matter of law because the conduct alleged, even if taken as true and with the added isolated "threat", does not rise to the level of extreme and outrageous conduct. Indeed, Connecticut courts consistently dismiss IIED

claims based on insults, criticism, threats, and alleged workplace harassment that fall within the normal vicissitudes of employment.

Plaintiff's NIED claim fails because under controlling Connecticut Supreme Court precedent, to sustain an NIED claim in the employment context, the underlying conduct must occur in the termination process. Because Plaintiff remains employed by Quest on an approved leave of absence, and the conduct alleged occurred during an ongoing employment relationship, his claim must be dismissed.

## II.    PROCEDURAL HISTORY

Plaintiff initially filed his Complaint on July 3, 2025. On August 21, 2025, Defendants filed a Motion to Strike Plaintiff's initial Complaint. Dkt. No. 103. Rather than oppose Defendants' Motion to Strike, Plaintiff filed a Request for Leave to Amend his Complaint and a Revised Complaint containing new allegations in an apparent effort to save his claims from dismissal. However, even Plaintiff's Revised Complaint falls woefully short of pleading any viable claims against Quest or Wanyo. As such, and as discussed more fully below, Plaintiff's Revised Complaint should be stricken in its entirety.

## III.    FACTUAL ALLEGATIONS[1]

Quest currently employs Plaintiff as a Driver/Courier in Stratford, Connecticut. Revised Compl. ¶ 1. Plaintiff's supervisor is Wanyo. *Id.* ¶ 2. Plaintiff alleges that Wanyo "viciously harassed and abused" him "by insulting, demeaning, ridiculing" his job performance and personal appearance. *Id.* ¶ 3. He also alleges that in February 2025, Wanyo "threatened to injure Plaintiff physically by stating, 'I will drop you like a sack of potatoes.'" *Id.* ¶ 4. He claims that he

---

[1] Defendants assume the factual allegations of Plaintiff's Revised Complaint to be true only for purposes of this Motion to Strike.

complained to Quest's Human Resources Department and that Quest failed to investigate. *Id.* ¶¶ 5-6.

Plaintiff also alleges that on February 24, 2025, he started a leave of absence due to alleged emotional distress. *Id.* ¶ 8. Plaintiff states that he "suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of [Wanyo]." *Id.* at First Count ¶ 10.[2] Finally, Plaintiff claims that Quest's failure to investigate "caused Plaintiff to take a leave of absence" and that he "has terminated his employment with Quest." *Id.* at Second Count ¶¶ 10-11.

## IV.    ARGUMENT

### A.  Standard of Review

"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." *Fort Trumbull Conservancy, LLC v. Alves*, 262 Conn. 480, 498 (2003). "A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint . . . , or of any one or more counts thereof, to state a claim upon which relief can be granted." Connecticut Practice Book § 10-39(a). "[I]t is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted . . . . The role of the trial court in ruling on a motion to strike is to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." *Coe v. Bd. of Educ.*, 301 Conn. 112, 116-17 (2011).

---

[2] The First and Second Counts of Plaintiff's Revised Complaint both contain separate paragraphs numbered 10 and 11. As such, citations to those paragraphs are distinguished by also identifying the applicable Count.

"A motion to strike admits all *facts* well pleaded; it does not admit *legal conclusions or the truth or accuracy of opinions* stated in the pleadings." *Faulkner v. United Techs. Corp.*, 240 Conn. 576, 588 (1997) (quotation marks and citation omitted). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." *Metcoff v. Lebovics*, 123 Conn. App. 512, 516 (2010) (quotation marks and citation omitted).

### B.  Plaintiff Cannot State a Claim for IIED.

To state a claim for IIED, Plaintiff must allege: "(1) that [Wanyo] intended to inflict emotional distress or that [he] knew or should have known that emotional distress was the likely result of [his] conduct; (2) that the conduct was extreme and outrageous; (3) that [Wanyo's] conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." *Davis v. Davis*, 112 Conn. App. 56, 65 (2009).  As the Connecticut Supreme Court has held:

> Liability for intentional infliction of emotional distress requires ***conduct that exceeds all bounds usually tolerated by decent society*** .... ***Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community***. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, '***Outrageous!***'

*Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210-11 (2000) (emphasis added). "Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." *Id.* at 210.

### i.  Plaintiff Does Not Allege Extreme and Outrageous Conduct.

Here, Plaintiff has not alleged any conduct that could be described as extreme or outrageous. He alleges that his supervisor, Wanyo, "viciously harassed and abused the Plaintiff, by insulting, demeaning, ridiculing, Plaintiff's job performance and Plaintiff's personal

appearance." Revised Compl. ¶ 3. Plaintiff's Revised Complaint also alleges that Wanyo "threatened to injure Plaintiff physically by stating, 'I will drop you like a sack of potatoes.'" *Id.* ¶ 4. Even if accepted as true, these allegations describe the type of workplace conflicts and slights that Connecticut courts consistently hold do not rise to the level of "extreme and outrageous" conduct.

"Generally, personnel actions or workplace conduct that falls within the reasonably expected vicissitudes of employment, including insults, verbal taunts, threats, indignities, annoyances, petty oppressions or conduct that displays bad manners or results in hurt feelings, even if unlawful, are usually not deemed extreme and outrageous conduct." *Craig v. Yale Univ. Sch. of Med.*, 838 F. Supp. 2d 4, 10 (D. Conn. 2011) (internal citations omitted). Similarly, "[c]laims by employees that the actions of their supervisors and employers are wrong, demeaning, insensitive and even insulting are not new. Connecticut has been careful to note that not every instance of 'hurt feelings' qualifies for this tort. The tort is rightly reserved for only those claims which pass 'all possible bounds of decency [as to be] utterly intolerable in a civilized community.'" *Benedict v. Cheese Cake Factory*, 2016 WL 2890439, at *4 (Conn. Super. Ct. Apr. 21, 2016) (quoting *Appleton*, 254 Conn. at 211).

Connecticut courts regularly strike IIED claims where, as here, the conduct alleged was not sufficiently extreme and outrageous. *See*, *e.g.*, *Bator v. Yale-New Haven Hosp.*, 73 Conn. App. 576, 577-79 (2002) (affirming the granting of a motion to strike where plaintiff alleged he was required to report to duty when he was under a physician's care, was recommended for discipline when he failed to report, and was falsely accused of serious misconduct); *Carnemolla v. Walsh*, 75 Conn. App. 319, 332 (2003) (finding that defendant's conduct did not constitute extreme and outrageous conduct where plaintiff was accused of embezzling company funds and requested that

she resign). Plaintiff's allegations—insults about his performance and appearance—fall well short of this threshold.

For example, in *Dollard v. Board of Education of Town of Orange*, the plaintiff alleged that her supervisors engaged in a concerted plan to force her to resign by placing her under intensive supervision, hypercritically examining every detail of her conduct, transferring her to a school where she did not want to be assigned, secretly hiring her replacement, and publicly admonishing her for chewing gum, being late, being disorganized, and not using her time well. 63 Conn. App. 550, 552-53 (2001). Despite these allegations—which were far more severe than the Plaintiff's allegations here—the Appellate Court affirmed the trial court's decision striking the IIED claim, concluding that "while the conduct may have been distressful and hurtful to the plaintiff," it was not extreme and outrageous as a matter of law. *Id.* Plaintiff's allegations here do not even rise to the level of the allegations in *Dollard*, and as such, must similarly be stricken.

Plaintiff's additional allegation that Wanyo stated he would "drop [Plaintiff] like a sack of potatoes" does not save his claim. Indeed, Connecticut courts have routinely held that allegations even more egregious than Plaintiff's allegations here do not rise to the level of extreme or outrageous conduct necessary to sustain a claim for IIED. For example, in *Morrissey v. Yale Univ.*, the Connecticut Supreme Court affirmed the trial court's holding that the defendant's statement to the plaintiff that "[s]ooner or later I'm going to kick your fucking ass" was not so outrageous in character so as to support a claim for intentional infliction of emotional distress. 268 Conn. 426, 428 (2004). Plaintiff's allegations that Wanyo said that he would "drop you like a sack of potatoes" is far less egregious than the allegations in *Morrissey* and likewise insufficient to support a viable IIED claim as a matter of law.

**ii.  Plaintiff Has Not Sufficiently Alleged Severe Emotional Distress.**

Even if the conduct alleged was sufficient to be deemed to be extreme and outrageous (which it is not), Plaintiff "has not alleged that he suffered emotional distress that reached a level that no reasonable person could endure," which is necessary for him to sustain his claim against Wanyo. *Meade v. Orthopedic Assocs. of Windham Cnty.*, 2007 WL 4755001, at *8 (Conn. Super. Ct. Dec. 27, 2007). His claim must be stricken for this additional reason.

Moreover, despite now having two opportunities to plead, even Plaintiff's Revised Complaint is strikingly devoid of any allegations of the "emotional distress" he allegedly suffered, let alone facts that would support a finding of severe emotional distress. His bare assertion that he suffered "severe emotional distress" (Revised Compl., First Count ¶ 10) is a conclusory statement, which is insufficient to state a claim for intentional infliction of emotional distress. *Id.* (striking intentional infliction of emotional distress claim, where the plaintiff alleged that he suffered "severe" emotional distress, but did not allege any facts that would support that conclusory assertion); *Hart v. Mill Plain Autobody*, 1999 WL 1212229, at *5 (Conn. Super. Ct. Dec. 3, 1999) ("Merely stating that the alleged emotional distress is severe is an unsupported legal conclusion and it is subject to a motion to strike."); *Faulkner*, 240 Conn. at 588 ("A motion to strike admits all facts well pleaded; it does not admit legal conclusions."); *Fort Trumbull Conservancy, LLC*, 262 Conn. at 498 ("A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged.").  Plaintiff's conclusory assertion that he suffered emotional distress is, quite simply, insufficient as a matter of law to sustain his claim.  The Court should, therefore, strike Plaintiff's IIED claim.

In sum, because Plaintiff has failed to plead conduct sufficient to satisfy the requisite "extreme and outrageous" threshold, and has not alleged facts establishing severe emotional distress, his IIED claim in the First Count is legally insufficient and should be stricken.

### C. Plaintiff's NIED Claim Fails As a Matter of Law Because It Arises Out of Conduct Occurring Within an Ongoing Employment Relationship.

Plaintiff's NIED claim against Quest in the Second Count fails as a matter of law for the fundamental reason that, even assuming the truth of Plaintiff's allegations, none of the conduct occurred in the termination process. Connecticut law is clear: a claim for negligent infliction of emotional distress in the employment context "arises only where it is based upon unreasonable conduct of the defendant *in the termination process*." *Parsons v. United Techs. Corp.*, 243 Conn. 66, 88 (1997) (emphasis added) (citations and internal quotation marks omitted).

The Connecticut Supreme Court has expressly held that a person "may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." *Perodeau v. City of Hartford*, 259 Conn. 729, 762-63 (2002) ("[A] pervasive chilling effect outweighs the safety interest of employees in being protected from negligent infliction of emotional distress."). The Appellate Court has extended *Perodeau* to apply to employers as well as individual employees. *O'Connor v. Bd. of Educ.*, 90 Conn. App. 59, 69–70 (2005) ("The policy rationale of *Perodeau* focuses on the importance of preserving stability in the workplace and not on the identity or status of the defendant.").

Here, Plaintiff was not terminated; he remains employed by Quest on an approved leave of absence.[3] As such, none of the conduct alleged in the Complaint could have possibly occurred

---

[3] Defendants' records reflect that Plaintiff sought and received an extended leave of absence through Quest's third-party administrator, New York Life, on September 24, 2025—*after* he filed his Revised Complaint alleging that he had terminated his employment. Plaintiff remains

during the termination process. In his Revised Complaint, Plaintiff now (falsely) asserts that he "has terminated his employment with Quest." Revised Compl. Second Count ¶ 11. Even accepting the Revised Complaint's allegations as true for purposes of this motion, it could not have occurred during the "termination process" because no such process occurred.  Rather, Plaintiff is apparently alleging that he resigned (which is simply false). In short, while the reality is that all of Plaintiff's allegations concern conduct that allegedly occurred in the context of an ongoing employment relationship, even his allegation that he "terminated his employment with Quest," or in other words resigned at some unidentified time, undermines any claim that any alleged conduct occurred during the termination process. Consequently, his NIED claim fails as a matter of law. *See*, *e.g., Yang v. Reg'l Network of Programs*, No. FBT-CV-206099838-S, 2023 WL 4882637, at *2 (Conn. Super. Ct. July 26, 2023) ("In Connecticut, there is no such cause of action outside of the termination of employment context."); *Abate v. Cir.-Wise, Inc.*, 130 F. Supp. 2d 341, 347 (D. Conn. 2001) ("[B]ecause plaintiff was never terminated, we hold, as a matter of law, that he cannot maintain a claim for negligent infliction of emotional distress.").

Accordingly, because Plaintiff's NIED claim against Quest arises from alleged conduct in a continuing employment relationship and not any termination process, it is legally insufficient and the Court should strike it.

V.    **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff Richard Santoro's Revised Complaint in its entirety.

---

on an approved leave of absence through December 24, 2025. Although Plaintiff's allegation that he terminated his employment is demonstrably false, even if it were true, Plaintiff still fails to allege conduct occurring in the termination process.

DEFENDANTS KURT WANYO AND
QUEST DIAGNOSTICS LLC

By:    /s/ James M. Leva
       Daniel L. Schwartz
       James M. Leva
       Lindsey A. McCarthy
       Day Pitney LLP
       One Stamford Plaza, 7th Floor
       263 Tresser Boulevard
       Stamford, CT 06901
       T: (203) 977-7300
       F: (203) 399-5899
       dlschwartz@daypitney.com
       jleva@daypitney.com
       lmccarthy@daypitney.com
       Juris No. 014230

## CERTIFICATION

 I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on October 31, 2025 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

 Mark F. Katz
 196 North Street
 Stamford, CT 06901
 *mlawkatz@gmail.com*


       /s/ James M. Leva

# WITHDRAWAL
JD-CV-41  Rev. 1-18

**ADA NOTICE**
The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

| | |
|---|---|
| Docket number | **FBT-CV-25-6148381-S** |
| Return date (*For Civil and Housing cases only*) | **Jul-22-2025** |
| Answer date (*For Small Claims cases only*) | |

Instructions:
*1. Complete this form by selecting any applicable withdrawal categories below.*
*2. File with the clerk.*

Name of case (*First-named Plaintiff vs. First-named Defendant*)
**SANTORO, RICHARD J  v.  WAYNO, KURT Et Al**

| [X] Judicial District | [ ] Housing Session | Address of court (*Number, street, town and zip code*) **1061 MAIN STREET BRIDGEPORT, CT 06604** |
|---|---|---|

## Dispositive (Complete) Withdrawal
*(Do not check the following two boxes if any intervening complaints, cross complaints, counterclaims, or third party complaints remain pending in this case. See below for partial withdrawal of action.)*

(WDACT)   [ ] The Plaintiff's action is WITHDRAWN AS TO ALL DEFENDANTS without costs to any party.

(WOARD)   [ ] A judgment has been rendered against the following Defendant(s): _____

and the Plaintiff's action is WITHDRAWN AS TO ALL REMAINING DEFENDANTS without costs.

## Partial Withdrawal
**The following pleading(s), motion(s) or other paper(s) in the case named above is or are withdrawn:**

| (WDCOMP) | [ ] Complaint | (WAPPCOM) | [ ] Apportionment Complaint |
|---|---|---|---|
| (WOC) | [ ] Counterclaim | (WDINTCO) | [ ] Intervening Complaint |
| (WDCC) | [ ] Cross Complaint (cross claim) | (WDTHPC) | [ ] Third Party Complaint |
| (WDCOUNT) | [ ] Counts of the complaint: | | _____ |

(WOAAP)   [ ] Plaintiff(s): _____

(WOAAD)   [X] Complaint against defendant(s): _____
**D-01 KURT WAYNO** _____ only without costs

(WOM)   [ ] Motion: _____
[ ] Other: _____

## Signature of Filer(s)

| Party | **P-01 RICHARD J SANTORO** | ; By | **MARK F KATZ** | Attorney or Self-represented party |
|---|---|---|---|---|
| Party | | ; By | | Attorney or Self-represented party |
| Party | | ; By | | Attorney or Self-represented party |
| Party | | ; By | | Attorney or Self-represented party |

| ***Name & Address of Filer(s):*** ▶ | **MARK F KATZ** **196 North Street, Stamford, CT 06901** |
|---|---|

## Certification
I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on (date) __Dec-12-2025__ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Name and address of each party and attorney that copy was or will be mailed or delivered to*        ***For Court Use Only***

**DAY PITNEY LLP - ONE STAMFORD PLAZA/263 TRESSER BOULEVARD/STAMFORD, CT 06901**

*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed (*Signature of filer*) ▶ **030680** | Print or type name of person signing **MARK F KATZ** | Date signed **Dec-12-2025** |
|---|---|---|
| Mailing address (*Number, street, town, state and zip code*) **196 NORTH STREET STAMFORD, CT 06901** | | Telephone number **2033579252** |

D. N. FBT CV25-6148381-S             :        SUPERIOR COURT

SANTORO, RICHARD,            :        J.D. BRIDGEPORT
           Plaintiff

                             :        AT BRIDGEPORT

Vs

QUEST DIAGNOSTICS OF       :
CONNECTICUT LLC INC.A/K/A QUEST
DIAGNOSTICS INC.
          Defendant       :        DECEMBER 12, 2025

### **REQUEST FOR LEAVE TO AMEND COMPLAINT (P.B. SEC. 10-60)**

Pursuant to Practice Book sec. 10-60(3), Plaintiff requests the leave of the Court to file the Second Revised Complaint attached hereto in conformity with said section. It is the Plaintiff's intent, by filing an amended complaint to address the issues raised in Defendants' Motion to Strike now pending.

                THE PLAINTIFF


By:_____/030680/_____
          Mark F. Katz, his attorney, JN 030680
          196 North St., Stamford, CT 06901
          Tel 203 357 9252  Fax 203 358 8127
          Email: mlawkatz@gmail.com

D. N. FBT CV25-6148381-S        :      SUPERIOR COURT

SANTORO, RICHARD,        :      J.D. BRIDGEPORT
         Plaintiff

                                     :      AT BRIDGEPORT

Vs

QUEST DIAGNOSTICS OF        :
CONNECTICUT LLC INC.A/K/A QUEST
DIAGNOSTICS INC.
         Defendant          :      DECEMBER 12, 2025

## <u>SECOND REVISED COMPLAINT</u>

**(Constructive discharge)**

1. At all times relevant hereto, Plaintiff resided at 134 Heather Ridge, Shelton, CT 06484, and was employed as a courier driver by the Defendant Quest Diagnostic of Connecticut LLC a/k/a Quest Diagnostics Inc. ("Quest").

2. Plaintiff's immediate supervisor was, Kurt Wanyo ("Wanyo"), who was also employed by the Defendant Quest.

3. For a period of time prior to February 24, 2025, the Defendant, Wanyo, viciously harassed and abused the Plaintiff, by insulting, demeaning, and ridiculing Plaintiff's job performance and Plaintiff's personal appearance, with the clear and apparent intention of creating an intolerable work environment and inflicting emotional distress upon the Plaintiff.

4. In February, 2025, Wanyo threatened to injure Plaintiff physically by stating, "I will drop you like a sack of potatoes."

5.  Plaintiff complained of Wanyo's harassment and abuse and his threat to drop Plaintiff like a sack of potatoes, to the Human Resources Department of the Defendant, Quest.

6.  Quest did nothing to investigate Plaintiff's complaints about Wanyo's abusive and threatening conduct.

7.  Quest did nothing to alleviate Wanyo's infliction of emotional distress upon the Plaintiff.

8.  In consequence of the Defendant's conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created and/or permitted by the Defendant, and applied for a leave of absence commencing February 24, 2025.

9.  In further consequence of the Defendant's conduct, as aforesaid, Plaintiff suffered and sustained severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of Wanyo, with Quest to Plaintiff's loss and damage.

10. Quest's failure and refusal to investigate, intervene in, and alleviate Plaintiff's complaints about Wanyo caused Plaintiff to take a leave of absence in the belief that by taking a leave of absence Quest would act upon Plaintiff's said complaints.

11. Quest failed to take any action concerning Plaintiff's said complaints and Plaintiff has terminated his employment with Quest, effective September 25, 2025.

12. In consequence of Plaintiff's termination of employment Plaintiff has sustained damages consisting of lost income and benefits.

The Plaintiff claims:

1.  Monetary Damages

2.  Such other and further relief as the Court may deem fair, just, reasonable and equitable.


                    THE PLAINTIFF


            By: _____/030680/_____
                    Mark F. Katz, his attorney, JN 030680
                    196 North St., Stamford, CT 06901
                    Tel 203 357 9252  Fax 203 358 8127
                    Email: mlawkatz@gmail.com

## **CERTIFICATION OF SERVICE**

I certify that a copy of the foregoing pleading was served upon the parties in accordance

with the Rules of Practice on December 12, 2025 by email as follows:

James Michael Leva, Esq.

jleva@daypitney.com

_____/030680/_____
Mark F. Katz, attorney

D. N. FBT CV25-6148381-S                :        SUPERIOR COURT ~~AT~~

~~BRIDGEPORT~~

SANTORO, RICHARD,

       Plaintiff              :        JD BRIDGEPORT

Vs

~~WANYO, KURT,~~                      :        AT BRIDGEPORT

QUEST DIAGNOSTICS OF

CONNECTICUT LLC INC.A/K/A QUEST

DIAGNOSTICS INC.

      Defendant~~s~~                :        ~~SEPTEMBER 16~~DECEMBER 12, 2025

**SECOND REVISED COMPLAINT**

**(Constructive discharge) ~~FIRST COUNT: (Intentional infliction of emotional~~**

**~~distress by Kurt Wanyo)~~**

~~12.~~ 1. At all times relevant hereto, Plaintiff resided at 134 Heather Ridge, Shelton, CT

06484, and was employed as a courier driver by the Defendant Quest Diagnostic of

Connecticut LLC a/k/a Quest Diagnostics Inc. ("Quest").

> ~~13.~~ 2. Plaintiff's immediate supervisor was the Defendant, Kurt Wanyo
>
> ("Wanyo"), who was also employed by the Defendant Quest.
>
> ~~14.~~ 3. For a period of time prior to February 24, 2025, the Defendant, Wanyo,
>
> viciously harassed and abused the Plaintiff, by insulting, demeaning, and

**Formatted:** Normal,  No bullets or numbering

**Formatted:** Indent: Left:  0.5",  No bullets or

6

ridiculing, Plaintiff's job performance and Plaintiff's personal appearance, with the clear and apparent intention of creating an intolerable work environment and inflicting emotional distress upon the Plaintiff.

~~15.~~ 4. In February, 2025, Wanyo threatened to injure Plaintiff physically by stating, "I will drop you like a sack of potatoes."

~~16.~~ 5. Plaintiff complained of Wanyo's harassment and abuse and his threat to drop Plaintiff like a sack of potatoes, to the Human Resources Department of the Defendant, Quest.

~~17.~~ 6. Quest did nothing to investigate Plaintiff's complaints about Wanyo's abusive and threatening conduct.

~~18.~~ 7. Quest did nothing to alleviate Wanyo's infliction of emotional distress upon the Plaintiff.

~~19.~~ 8. In consequence of the Defendant's~~es'~~ conduct, as aforesaid, Plaintiff could not tolerate the hostile work environment created and/or permitted by the Defendant~~s~~, and applied for a leave of absence commencing February 24, 2025.

~~20.~~ 9. In further consequence of the Defendant's~~s'~~ conduct, as aforesaid, Plaintiff suffered and sustained ~~required medical and therapeutic treatment for the stress, anxiety and~~severe emotional distress which made it impossible for Plaintiff to continue his employment, under the supervision of Wayno, with Quest ~~inflicted upon him by the Defendants,~~ to Plaintiff's loss and damage.

7

21.    10. Quest's failure and refusal to investigate, intervene in, and alleviate Plaintiff's complaints about Wayno caused In further consequence of the Defendants' conduct, as aforesaid, Plaintiff to take a leave of absence in the belief that by taking a leave of absence Quest would act suffered and sustained severe emotional distress which made it impossible for upon Plaintiff's said complaints. to continue his employment, under the supervision of Wanyo, with Quest to Plaintiff's loss and damage.

11. Quest failed to take any action concerning Plaintiff's said complaints and Plaintiff has terminated his employment with Quest, effective September 25, 2025. Wanyo's acts and conduct as hereinbefore set forth were intentional.

22.    12. In consequence of Plaintiff's termination of employment Plaintiff has sustained damages consisting of lost income and benefits.

**Formatted:** Indent: Left:  0.5", No bullets or

**SECOND COUNT: (Negligent infliction of emotional distress by Quest)**

1. 9.    Paragraphs 1 through 9 of the First Count are hereby made paragraphs 1 through 9 of the Second Count as if fully repeated and recited herein.

10.    Quest's failure and refusal to investigate, intervene in, and alleviate Plaintiff's complaints about Wanyo caused Plaintiff to take a leave of absence in the belief that by taking a leave of absence Quest would act upon Plaintiff's said complaints.

8

~~11. Quest failed to take any action concerning Plaintiff's said complaints and Plaintiff has terminated his employment with Quest.~~

~~12. Plaintiff's said termination of his employment was caused by Quest's negligent infliction of emotional distress upon the Plaintiff by allowing the hostile work place environment created by Wanyo to continue, causing the injuries and damages sustained by the plaintiff as hereinbefore set forth.~~

~~13. Quest's acts and conduct as hereinbefore set forth were negligent.~~

~~The Plaintiff claims:~~

The Plaintiff Claims:

~~3.~~ 1. Monetary Damages

~~4.~~ 2. Such other and further relief as the Court may deem fair, just, reasonable and equitable.

> THE PLAINTIFF
>
> By_____
> Mark F. Katz, his attorney, JN 030680
> 196 North St., Stamford, CT 06901
> Tel 203 357 9252  Fax 203 358 8127
> Email: mlawkatz@gmail.com

~~D. N. FBT CV25-6148381-S~~                    ~~:        SUPERIOR COURT~~

~~SANTORO, RICHARD,~~

~~                Plaintiff              :          JD BRIDGEPORT~~

~~Vs~~

9

WANYO, KURT,                         :        AT BRIDGEPORT

QUEST DIAGNOSTICS OF

CONNECTICUT LLC a/k/a QUEST

DIAGNOSTICS INC.,

        Defendants                  :        SEPTEMBER 16, 2025

**STATEMENT OF AMOUNT IN DEMAND OR OTHER RELIEF SOUGHT**

        Plaintiff seeks monetary damages in excess of $15,000.00 exclusive of interest,

costs and attorney's fees.

                                    THE PLAINTIFF

                                    By_____

                                    Mark F. Katz, his attorney, JN 030680

                                    196 North St., Stamford, CT 06901

                                    Tel 203 357 9252  Fax 203 358 8127

                                    Email: mlawkatz@gmail.com

10

# EXHIBIT B

| DOCKET NO. FBT-CV-25-6148381-S | : | SUPERIOR COURT |
| | : | |
| RICHARD SANTORO, | : | JUDICIAL DISTRICT OF BRIDGEPORT |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| QUEST DIAGNOSTICS OF CONNECTICUT LLC | : | |
| INC A/K/A QUEST DIAGNOSTICS INC., | : | |
| | : | |
| Defendant. | : | |
| | : | JANUARY 7, 2026 |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO THE JUDGES OF THE SUPERIOR COURT FOR THE STATE OF CONNECTICUT AND TO ALL PARTIES TO THE ACTION HEREIN:**

PLEASE TAKE NOTICE that Defendant Quest Diagnostics LLC (improperly pled as "Quest Diagnostics of Connecticut LLC a/k/a Quest Diagnostics Inc."), by and through undersigned counsel, has filed a Notice of Removal in the United States District Court for the District of Connecticut (the "District Court") seeking removal of the above-entitled action to the District Court. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal and all process and pleadings served upon Defendant is attached hereto as Exhibit 1.

DEFENDANT QUEST DIAGNOSTICS LLC

By:  ___*/s/ James M. Leva*___
     Daniel L. Schwartz (ct09862)
     Day Pitney LLP
     One Stamford Plaza
     263 Tresser Boulevard, 7th Floor
     Stamford, CT 06901
     Tel: (203) 977-7300
     Fax: (203) 977-7301
     dlschwartz@daypitney.com

     James M. Leva (ct28928)
     Day Pitney LLP
     8 Sylvan Way
     Parsippany, NJ 07054
     Tel: (973) 966-6300
     Fax: (973) 966-1015
     jleva@daypitney.com

     Lindsey A. McCarthy (ct31132)
     Day Pitney LLP
     225 Asylum Street
     Hartford, CT 06103
     Tel: (860) 275-0100
     Fax: (860) 275-0343
     lmccarthy@daypitney.com

     Its Attorneys

## <u>CERTIFICATION</u>

      I hereby certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on January 7, 2026 to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served.

      Mark F. Katz
      196 North Street
      Stamford, CT 06901
      *mlawkatz@gmail.com*

                               /s/ James M. Leva